Case No. 22-7164
September Term, 2022

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MICHIGAN WELFARE RIGHTS ORGANIZATION, et al.

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP

*Defendant-Appellant.*

OPPOSED MOTION TO STAY APPEAL OR HOLD IN ABEYANCE PENDING WRIT OF CERTIORARI IN *BLASSINGAME*

Appellant Donald J. Trump ("President Trump") respectfully moves this Court to stay this appeal, or otherwise hold it in abeyance, pending the potential filing of a petition for a writ of certiorari in *Blassingame v. Trump*, Case No. 22-5069. The current deadline for President Trump to file his petition for a writ of certiorari is February 29, 2024. Therefore, President Trump seeks a stay to at least February 29, 2024, and, if a petition for a writ of certiorari is filed, continuing pending the resolution

of that petition. Appellees oppose the relief sought in this motion. The Defendant-Appellee Republican National Committee joins in the relief requested by this Motion.

Good cause exists to grant this motion. This case involves the same extraordinary question of law that must be resolved in *Blassingame* and must be resolved before this case, and several other cases revolving around the same question of law, can be resolved. Indeed, other filings have indicated the importance of this issue. *See* Exhibit 1, Mot. United States Expedite Briefing on the Pet. for a Writ of Cert. before J. and for Expedited Merits Briefing if the Ct. Grants the Pet. at 1-2, *United States v. Donald J. Trump*, Case No. 23-624, *cert. denied* (December 22, 2023) ("This case involves issues of exceptional national importance."); *see also* Exhibit 2, Order, *United States v. Donald J. Trump,* No. 23-3228 (appeal docketed Dec. 8, 2023) (ordering expedited briefing schedule on similar issues).

This Court should place these appeals into abeyance pending the disposition of any potential petition for writ of certiorari in *Blassingame.* This Court "[o]ften" issues abeyance "orders in light of other pending proceedings that may affect the outcome of the case before" it. *Basardh*

2

*v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (collecting cases addressing petitions for review). When two cases raise "common issues," the "prospect" that "[r]esolution of the" other proceeding "may entirely, or partially, moot" the case before this Court "militates in favor of holding" it in "abeyance," given the "'longstanding policy of the law to avoid duplicative litigative activity.'" *Id.*; *see Nat'l Ass'n of Mfrs. v. SEC*, 800 F.3d 518, 557-58 (D.C. Cir. 2015) (Srinivasan, J., concurring in part) (collecting cases holding an appeal in abeyance pending a ruling from the en banc Circuit or the Supreme Court). This Court should follow that practice here. *Blassingame* and this case are appeals concerning the same issue of exceptional importance and judicial economy is best served by a single resolution of this issue before the proper channels rather than litigating multiple appeals over the same issue simultaneously.

  The case involved in this appeal, and the other similar appeals, are of exceptional importance. They concern a question of absolute presidential immunity from civil liability for the actions of a former president during his term in office—an issue that the courts have rarely had a chance to address. The issue of presidential absolute immunity has rarely been litigated, with the most on point authority from many

3

decades ago. If a petition for a writ of certiorari is sought, it is imperative that the Supreme Court be given the opportunity to weigh in on this important issue before the mandate from this decision be implemented and the district court takes any further action in this case.

There is and will be no prejudice to any party due to this stay for several reasons. First, binding Supreme Court precedence requires that proceedings on the district court level be stayed as to President Trump pending the resolution of his absolute immunity defense. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)). This stay prevents the district court cases from moving forward as to President Trump at all pending the resolution of his appeal to the Supreme Court. *Id.* In addition, this Court's ruling in *Blassingame* requires the district court to conduct discovery on the issue of absolute immunity before proceeding to any other issues. *Blassingame v. Trump*, 87 F.4th 1, 29 (D.C. Cir. Dec. 1, 2023). It is fair to assume that the same

procedure would apply in other cases considering the same legal issues. Therefore, even if this Court were to deny this motion to stay or hold in abeyance, the district court would be required to stay these proceedings pending resolution of these issues by the Supreme Court.

Second, due to the ongoing criminal case against President Trump, effective discovery would not be possible in these cases regardless. President Trump's Fifth Amendment rights would interfere with the conduct of discovery and would necessitate a stay of discovery until the criminal case has resolved. It is more expeditious and conserves judicial resources for this Court to stay its mandate rather than to send the case back to the district court for additional motion practice related to staying this case pending President Trump's petition for a writ of certiorari.

Therefore, good cause exists to stay this case or hold it in abeyance pending the deadline or outcome of any petition for writ of certiorari in *Blassingame.*

Dated: January 2, 2024           Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall
Molly McCann
BINNALL LAW GROUP, PLLC

> 717 King Street, Suite 200
> Alexandria, Virginia 22314
> Phone: (703) 888-1943
> Fax: (703) 888-1930
> Email: jesse@binnall.com
> molly@binnall.com
>
> David A. Warrington
> Jonathan M. Shaw
> DHILLON LAW GROUP, INC.
> 2121 Eisenhower Avenue
> Suite 608
> Alexandria, Virginia 22314
> (415) 433-1700
> dwarrington@dhillonlaw.com
> jshaw@dhillonlaw.com
>
> *Attorneys for President Donald J. Trump*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 877 words, calculated using Microsoft Word's word-count function. This motion also complies with the typeface and type- style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Century 14-point font, a proportionally spaced typeface.

Dated: January 2, 2024　　　　　　　/s/ Jesse R. Binnall
　　　　　　　　　　　　　　　　　Jesse R. Binnall

　　　　　　　　　　　　　　　　　*Attorney for President Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/Jesse R. Binnall
Jesse R. Binnall

*Attorney for President Donald J. Trump*
