ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, <br><br> Plaintiffs-Appellees <br><br> v. <br><br> DONALD J. TRUMP, <br><br> Defendant-Appellant, <br><br> DONALD J. TRUMP FOR PRESIDENT, INC., *et al.*, <br><br> Defendants-Appellees. | No. 22-7164 |

## PLAINTIFFS-APPELLEES' REPLY TO OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE[1]

In *Blassingame,* this Court decided the same issue that is on appeal here in accordance with the district court's decision below in this case. *Compare Blassingame v. Trump,* 87 F.4th 1, 4-5 (D.C. Cir. 2023), *with Mich. Welfare Rights*

---

[1] This reply is specifically related to Appellant's Opposition to Appellee's Motion for Summary Affirmance. Appellees plan to file a response to Appellant's pending Motion for Stay in accordance with the timeframe prescribed in Fed. R. App. P. 27(a)(3)(A).

*Org. v. Trump*, 642 F. Supp. 3d 98, 105 (D.D.C. 2022). Appellants concede this in their Opposition, yet ask the Court to deny summary affirmance because of actions they may take in *Blassingame*. Because the issue at the heart of this interlocutory appeal has already been decided by this Court, and decided squarely in accordance with the decision below, the Court should grant summary affirmance.

First, Appellant Trump argues that this motion for summary affirmance is untimely. Plaintiffs-Appellees acknowledged the 45-day deadline for dispositive motions and requested leave to file their Motion for Summary Affirmance out of time given the intervening decision in *Blassingame*. Appellee's Mot. to Govern and Mot. for Summary Affirmance at 2 n.1, *Mich. Welfare Rights Org. v. Trump*, No. 22-7164 (D.C. Cir. Dec. 19, 2023), ECF No. 2032330. The Court may grant leave to file a dispositive motion after the 45-day deadline "for good cause shown." D.C. Cir. Rule 27(g)(1). Given that this case was held in abeyance for nearly a year pending a decision in *Blassingame*, that *Blassingame* was decided on December 1, 2023, and that *Blassingame* authoritatively decided the same issue on appeal in this case, good cause exists for granting summary affirmance now in the interest of judicial economy and to ensure consistent adjudication of identical issues before the Court.

Second, Appellant Trump requests that the Court refrain from deciding this case because *Blassingame* "is not yet finally resolved," and the Court's mandate has

2

not yet issued. Appellant's Opp. to Mot. for Summary Affirmance at 2, *Mich. Welfare Rights Org. v. Trump*, No. 22-7164 (D.C. Cir. Jan. 2, 2024), ECF No. 2034096. This Court's mandate to the district court for *Blassingame* is of no consequence here. This Court's decision in *Blassingame* has been published and should control the decision in this case, warranting summary affirmance. *See Blassingame*, 87 F.4th at 4-5. Appellant has not presented any substantive reason otherwise in their Opposition.

Appellant Trump's invocation of a mandate is simply another attempt to delay resolution of this case. First, Appellant argues that Plaintiffs-Appellees' motion for summary affirmance comes too *late* because they filed it after the 45-day timeframe for dispositive motions even though, as discussed above, the basis for their dispositive motion did not come into existence until shortly before Plaintiffs-Appellees filed the motion. Then he claims Plaintiffs-Appellees are too *early* because they must wait for the mandate to issue in *Blassingame* before requesting such relief. What is more extraordinary, Appellant claims Plaintiffs-Appellees must delay resolution in this case based on actions he may take in *Blassingame*. Appellant's Opp. to Mot. for Summary Affirmance at 2, *Mich. Welfare Rights Org. v. Trump*, No. 22-7164 (D.C. Cir. Jan. 2, 2024), ECF No. 2034096 (suggesting a "*potentially forthcoming* petition for a writ of certiorari" may be filed in

3

*Blassingame* (emphasis added)).[2] But Appellant Trump offers no explanation of why any such developments in *Blassingame* affect Plaintiffs-Appellees' request for summary affirmance nor why this case cannot be decided, and then be on the same footing as *Blassingame*. If the Court grants summary affirmance here, Appellant Trump is free to seek further review as appropriate, including filing a petition for rehearing or a petition for a writ of certiorari.

Appellant Trump cites *Taxpayers Watchdog* for the proposition that summary affirmance is appropriate only when "no benefit will be gained from further briefing and argument of the issues presented." Appellant's Opp. to Mot. for Summary Affirmance at 2, *Mich. Welfare Rights Org. v. Trump*, No. 22-7164 (D.C. Cir. Jan. 2, 2024), ECF No. 2034096 (citing 819 F.2d 294, 297-98). But *Taxpayers Watchdog, Inc. v. Stanley* itself granted summary affirmance (by applying the facts to the relevant environmental law), 819 F.2d 294, 297-300 (D.C. Cir. 1987)—and in no way suggests that this Court must entertain "further briefing and argument" on the same issue just decided in another case. Indeed, Appellant offers not a single reason why further briefing or argument would benefit this Court besides invoking a

---

[2] Plaintiffs-Appellees acknowledge Appellant Trump's filing of a Motion to Stay Mandate Pending Filing of Writ of Certiorari in *Blassingame*. Appellant's Mot. to Stay Mandate, *Blassingame v. Trump*, No. No. 22-5069 (D.C. Cir. Jan. 8, 2024), ECF No. 2034865. However, a stay of the mandate in *Blassingame* should not affect the disposition of this Motion for Summary Affirmance. As of this filing, no Petition for Certiorari has been filed in *Blassingame* or its consolidated cases.

4

potential "final" resolution in *Blassingame* by the Supreme Court. Appellate courts routinely decide repeat issues, any of which might be taken up by the Supreme Court. This Court should not be required to expend unnecessary resources, and Plaintiffs-Appellees—who filed their case in the district court in November 2020—should not suffer further delay when an on-point precedent exists that resolves this interlocutory appeal. The Court should grant Plaintiffs-Appellees' Motion for Summary Affirmance consistent with its decision in *Blassingame*.

Dated: January 9, 2024							Respectfully submitted,

*/s/* Samuel Spital							/s/ Jason M. Bradford

Samuel Spital							Jason M. Bradford
NAACP LEGAL DEFENSE &					Jonathan A. Enfield
EDUCATIONAL FUND, INC.					JENNER & BLOCK LLP
40 Rector St., 5th Floor						353 N. Clark St.
New York, NY 10006						Chicago, IL 60654
(212) 965-2200							(312) 222-9350

*Counsel for Plaintiffs-Appellees*					Melissa Fedornak
									JENNER & BLOCK LLP
									1155 Avenue of the Americas
									New York, NY 10036
									(212) 407-1722

									*Counsel for Plaintiffs-Appellees*

5

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g), counsel hereby certifies that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 850 words, as counted by counsel's word processing system.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font.

/s/ Jason M. Bradford

Jason M. Bradford