# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

MICHIGAN WELFARE RIGHTS
ORGANIZATION, *et al.*,

      Plaintiffs-Appellees

      v.

DONALD J. TRUMP,

      Defendant-Appellant,

DONALD J. TRUMP FOR PRESIDENT,
INC., *et al.*,

      Defendants-Appellees.

No. 22-7164

### PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO STAY APPEAL OR HOLD IN ABEYANCE PENDING WRIT OF CERTIORARI IN *BLASSINGAME*

Defendants Former President Trump and Republican National Committee's Opposed Motion to Stay Appeal or Hold in Abeyance Pending Writ of Certiorari in *Blassingame* ("Opposed Mot.") (ECF No. 2034098) should be denied. Defendants have failed to show there is good cause for a stay or to hold this appeal in abeyance. A stay would greatly prejudice Plaintiffs-Appellees, and the purported concerns Defendants cite about the similarity of the other appeal actually weigh in favor of

promptly granting Plaintiffs-Appellees' separate motion for summary affirmance (ECF No. 2032330). Defendants' contention that proceedings in the district court are subject to a stay based on this appeal are wrong, as this appeal concerns only a portion of this case and discovery for the remaining portions must proceed whether or not former President Trump's appeal succeeds. Accordingly, the motion to stay or hold this appeal in abeyance should be denied.

Defendants' request to place this appeal in abeyance is based on this Court's decision in *Basardh v. Gates*, 545 F.3d 1068 (D.C. Cir. 2008), but the reasoning in that case is not applicable here. First, *Basardh* held an appeal in abeyance pending resolution of proceedings in the *district court*, not proceedings in an appellate court, and certainly not proceedings pending "any *potential* petition for writ of certiorari" in another case, which is what Defendants seek here. Opposed Mot. at 2 (emphasis added). Second, *Basardh* was decided based on the "longstanding policy of the law to avoid duplicative litigative activity." 545 F.3d at 1069. The best way to avoid "duplicative litigative activity" here would be to grant Plaintiffs-Appellees' motion for summary affirmance. That would avoid duplicative appellate briefing and keep this appeal consistent with the result in *Blassingame*, which, as Defendants acknowledge, involves the same question of law. Opposed Mot. at 2. This appeal should be summarily affirmed, not placed in abeyance.

Defendants also fail to meet "the stringent requirements for a stay." *United States v. Maucha*, No. 23-3011, 2023 WL 2938064 (D.C. Cir. Apr. 12, 2023) (denying requests to stay and to hold appeal in abeyance). A stay would greatly prejudice Plaintiffs-Appellees, whose requested relief includes an injunction to prevent Defendants from violating the rights of Plaintiffs, Plaintiffs' members, and voters nationwide who are entitled to have their votes fairly counted. Issuing a stay now would pose the very real danger that Plaintiffs would be deprived of the equitable relief they seek in time for the 2024 election. If an injunction is not issued sufficiently in advance of the 2024 election, the effect would be to deny Plaintiffs and other voters effective and meaningful relief—including ensuring the integrity of the 2024 elections.[1]

Defendants' contrary contentions misstate the law. *First*, it is not true that the law "requires" a stay in the district court merely because former President Trump is appealing the issue of his immunity. Opposed Mot. at 4. Former President Trump will be required to participate in proceedings in the district court regardless of the outcome of this appeal. "[I]mmunity does not extend to a suit seeking equitable

---

[1] This is different from the plaintiffs in the consolidated *Blassingame* appeal, Case Nos. 22-5069, 22-7030, 22-7031, who consented to a stay, as the only injunctive relief they seek is to generally prevent future violations of the KKK Act. Plaintiffs-Appellees here seek injunctive relief that they *must* obtain in advance of the 2024 election.

relief." *Meredith v. Fed. Mine Safety & Health Rev. Comm'n*, 177 F.3d 1042, 1049 (D.C. Cir. 1999). This means that even if former President Trump were to succeed on his appeal of his immunity defense, he would be immune only from Plaintiffs' damages claim under the Ku Klux Klan Act; he would still be required to litigate Plaintiffs' Voting Rights Act claim, which seeks equitable relief.

Under these circumstances, a potential immunity defense does not mandate a stay. Courts routinely reject stay requests even where there is a potential immunity defense when the parties would be subject to discovery with respect to claims where immunity could not apply. For example, in *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987), where the plaintiff sought both money damages and equitable relief and the defendant claimed he was entitled to qualified immunity, the First Circuit declined to issue a stay, emphasizing that the defendant would be subject to discovery on the equitable claim no matter what happened:

> Regardless of what happens to the damage claim in this case, the equitable requests stand on a different footing. [. . .] [T]he suspension of discovery proceedings on the equitable claims, solely because of an allegation of qualified immunity, only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery as to the equitable claims, irrespective of whether there is a surviving damage action.

*Id.* at 7. As another example, in *Mi Familia Vota v. Ogg*, No. 22-50732 (5th Cir. Oct. 7, 2022), ECF No. 92, the defendant sought to stay a case involving

4

constitutional, Voting Rights Act, and other claims while she appealed the denial of her sovereign immunity defense. Because the defendant's sovereign immunity defense could not bar the Voting Rights Act claims against her, the court denied the stay. Or, as the Sixth Circuit Court of Appeals recently explained in denying a motion to stay all discovery pending resolution of an immunity defense, the "right to immunity is a right to immunity *from certain claims*, not from litigation in general." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996)) (Sixth Circuit's emphasis); *see also Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (denying stay of discovery pending appeal of a qualified immunity defense because the plaintiff had also brought a claim for which there was no such defense, and even though the factual basis of the claims overlapped, they were "legally distinct" and "[t]o the extent that [the defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity").

Here, where there is one claim that could (according to Defendants) be subject to former President Trump's immunity defense and one claim that cannot, and where the claims are based on the same underlying conduct and generally will involve the same discovery, there is no basis to issue a stay; former President Trump will be required to participate in discovery in this matter regardless of the outcome of his

5

appeal.

These circumstances demonstrate why Defendants' authorities are inapposite. Their reliance on *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), is misplaced because that case was a "suit[] for damages only, unlike this case, where the plaintiff[s] also requested injunctive relief, as to which a defense of . . . immunity is totally immaterial." *Lugo*, 819 F.2d at 7. Nor is the language from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) about the need to "free officials from the concerns of litigation" relevant here. In *Iqbal*, the Supreme Court noted concerns about suits against *current* government officials, since requiring a current government official to participate in litigation could divert the official's time from his or her duties as a government official. 556 U.S. at 685. Here, there are no "costs of diversion" because former President Trump is not currently a government official.

And, in any event, in *Iqbal*, the government officials raised an immunity defense that covered all claims against them and thereby precluded any discovery. *See id.* Nothing in *Iqbal* supports a stay of discovery when defendants raise an immunity defense that implicates only one claim and where discovery would proceed on the other claim regardless of the resolution of that immunity defense. Defendants are simply wrong that continuing to litigate former President Trump's immunity defense will prevent the district court case "from moving forward as to President Trump at all." Opposed Mot. at 4.

*Second*, it is not true that the ongoing criminal case against former President Trump would "necessitate" a stay in this civil case.  Opposed Mot. at 5.  To the contrary, "[n]othing in the Constitution or the laws requires a stay of civil proceedings pending the outcome of parallel criminal proceedings." *Barry Farm Resident Council, Inc. v. U.S. Dep't of Navy*, No. 96-01450, 1997 WL 118412, at *1 (D.D.C. Feb. 18, 1997) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)).  As routinely happens when parallel criminal and civil cases are litigated, former President Trump may have the option of invoking the Fifth Amendment, but that is no basis for a stay—particularly not with respect to this appeal, which presents only the issue of his immunity defense, an issue that the Court's on-point precedent in *Blassingame* should control.

The Court should deny Defendants' motion for a stay or to hold this appeal in abeyance. Further, the Court should grant Plaintiff-Appellees' separately filed motion for summary affirmance.

Dated: January 12, 2023

Respectfully submitted,

*/s/ Jason M. Bradford*

Samuel Spital
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Anuja D. Thatte
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St. NW, 6th Floor
Washington, DC 20005
(202) 249-2170

*Counsel for Plaintiffs-Appellees*

Jason M. Bradford
Jonathan Enfield
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

Melissa Fedornak
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 407-1722

*Counsel for Plaintiffs-Appellees*

8

# CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g), counsel hereby certifies that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this opposition contains 1,488 words, as counted by counsel's word processing system.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font.

*/s/ Jason M. Bradford*

Jason M. Bradford