APPEAL,TYPE–L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–03388–EGS</u>
### *Internal Use Only*

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION et al v. TRUMP et al | Date Filed: 11/20/2020 |
| Assigned to: Judge Emmet G. Sullivan | Jury Demand: None |
| Case: 1:20–cv–03682–EGS | Nature of Suit: 441 Voting |
| Cause: 42:1973 Voting Rights Act | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **MICHIGAN WELFARE RIGHTS ORGANIZATION** | represented by | **Janai Nelson** |

**MICHIGAN WELFARE RIGHTS ORGANIZATION**

represented by **Janai Nelson**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street
Ste 5th Floor
New York, NY 10006
646–630–5357
Email: jnelson@naacpldf.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anuja Diwakar Thatte**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND
700 14th Street NW
Suite 600
Washington, DC 20005
646–740–3662
Email: athatte@naacpldf.org
*ATTORNEY TO BE NOTICED*

**Jason Bradford**
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654–3456
312–840–7225
Email: jbradford@jenner.com
*ATTORNEY TO BE NOTICED*

**Jonathan Enfield**
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654–3456
312–222–9350
Email: jenfield@jenner.com
*ATTORNEY TO BE NOTICED*

**Monique Lin–Luse**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street
Ste 5th Floor
New York, NY 10006
212–965–2200
Email: mlinluse@naacpldf.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Ascher**
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212–891–1670
Fax: 212–909–0803
Email: sascher@jenner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L. Von Hoene**
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654–3456
312–840–7390
Email: wvonhoene@jenner.com
*TERMINATED: 11/12/2021*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965–2200
Email: sspital@naacpldf.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MAUREEN TAYLOR**          represented by   **Janai Nelson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anuja Diwakar Thatte**
(See above for address)
*ATTORNEY TO BE NOTICED*

2

**Jason Bradford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Enfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monique Lin–Luse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Ascher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L. Von Hoene**
(See above for address)
*TERMINATED: 11/12/2021*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NICOLE HILL**                  represented by   **Janai Nelson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anuja Diwakar Thatte**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Bradford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Enfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monique Lin–Luse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Ascher**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L. Von Hoene**
(See above for address)
*TERMINATED: 11/12/2021*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TEASHA JONES**                    represented by   **Janai Nelson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anuja Diwakar Thatte**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Bradford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Enfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monique Lin–Luse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Ascher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L. Von Hoene**
(See above for address)
*TERMINATED: 11/12/2021*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NAACP**                      represented by    **Janai Nelson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anuja Diwakar Thatte**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jason Bradford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Enfield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monique Lin–Luse**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Ascher**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William L. Von Hoene**
(See above for address)
*TERMINATED: 11/12/2021*
*ATTORNEY TO BE NOTICED*

**Samuel Spital**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DONALD J. TRUMP**            represented by    **Jesse R Binnall**
*in his personal capacity*                      BINNALL LAW GROUP
717 King Street
Suite 200
Alexandria, VA 22314
703–888–1943
Email: jesse@binnall.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP FOR PRESIDENT, INC.**

represented by **Jesse R Binnall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**REPUBLICAN NATIONAL COMMITTEE**

represented by **Gary Lawkowski**
DHILLON LAW GROUP
2121 Eisenhower Avenue
Suite 402
Alexandria, VA 22312
703–965–0330
Email: glawkowski@dhillonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Neilson Strawbridge**
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617–227–0548
Email: patrick@consovoymccarthy.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler R. Green**
CONSOVOY MCCARTHY PLLC
222 S. Main Street
5th Floor
Salt Lake City, UT 84101
703–243–9423
Email: tyler@consovoymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron Thomas Norris**
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd.
Suite 700
Arlington, VA 22209
(703) 243–9423
Email: cam@consovoymccarthy.com
*ATTORNEY TO BE NOTICED*

**David Alan Warrington**
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
703–328–5369
Email: DWarrington@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

**Harmeet Dhillon**
DHILLON LAW GROUP INC
177 Post St.
Suite #700
San Francisco, CA 94108
415–433–1700
Email: harmeet@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

**Mark Meuser**
DHILLON LAW GROUP
177 Post St., Suite 700
San Francisco, CA 94108
415–577–2850
Email: mmeuser@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/20/2020 | 1 | | COMPLAINT *for Declaratory and Injunctive Relief* against All Defendants ( Filing fee $ 400 receipt number ADCDC–7863628) filed by TEASHA JONES, MAUREEN TAYLOR, MICHIGAN WELFARE RIGHTS ORGANIZATION, NICOLE HILL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Spital, Samuel) (Entered: 11/20/2020) |
| 11/23/2020 | 2 | | ERRATA *Notice* by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, MAUREEN TAYLOR 1 Complaint, filed by TEASHA JONES, NICOLE HILL, MAUREEN TAYLOR, MICHIGAN WELFARE RIGHTS ORGANIZATION. (Attachments: # 1 Exhibit 1 – Corrected Complaint)(Spital, Samuel) (Entered: 11/23/2020) |
| 11/24/2020 | | | Case Assigned to Judge Emmet G. Sullivan. (zsb) (Entered: 11/24/2020) |
| 11/24/2020 | 3 | | SUMMONS (2) Issued Electronically as to DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 11/24/2020) |
| 12/09/2020 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DONALD J. TRUMP FOR PRESIDENT, INC. served on 11/30/2020, answer due 12/21/2020 (Spital, Samuel) (Entered: 12/09/2020) |
| 12/09/2020 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DONALD J. TRUMP served on 11/30/2020, answer due 12/21/2020 (Attachments: # 1 Exhibit Delivery Date Confirmation)(Spital, Samuel) (Entered: 12/09/2020) |
| 12/14/2020 | 6 | | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 12/14/20. (Attachment: # 1 Exhibit 1) (mac) (Entered: 12/14/2020) |
| 12/21/2020 | 7 | | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Jesse R. Binnall on behalf of All Defendants (Binnall, Jesse) (Main Document 7 replaced on 12/21/2020) (zjf). (Entered: 12/21/2020) |
| 12/21/2020 | 8 | AMENDED COMPLAINT against DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP, REPUBLICAN NATIONAL COMMITTEE filed by TEASHA JONES, MAUREEN TAYLOR, MICHIGAN WELFARE RIGHTS ORGANIZATION, NICOLE HILL, NAACP . (Attachments: # 1 Exhibit A – Redline Comparison to original complaint, # 2 Summons to Republican National Committee)(Spital, Samuel) Modified on 1/4/2021 to add additional filer (zjf). (Entered: 12/21/2020) |
| 12/31/2020 | 9 | Consent MOTION for Extension of Time to File Answer re 8 Amended Complaint, *or Otherwise Plead* by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP (Attachments: # 1 Text of Proposed Order)(Binnall, Jesse) (Entered: 12/31/2020) |
| 12/31/2020 | | MINUTE ORDER granting 9 consent motion for extension of time. Defendants shall answer or otherwise respond to the Amended Complaint by no later than January 25, 2021. Signed by Judge Emmet G. Sullivan on 12/31/2020. (lcegs3) (Entered: 12/31/2020) |
| 01/04/2021 | | Set/Reset Deadlines: Defendant Answer Or Otherwise Response To The Complaint due by 1/25/2021. (mac) (Entered: 01/04/2021) |
| 01/04/2021 | 10 | SUMMONS (1) Issued Electronically as to REPUBLICAN NATIONAL COMMITTEE. (zjf) (Entered: 01/04/2021) |
| 01/13/2021 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. REPUBLICAN NATIONAL COMMITTEE served on 1/11/2021, answer due 2/1/2021 (Spital, Samuel) (Entered: 01/13/2021) |
| 01/13/2021 | 12 | NOTICE of Appearance by Cameron Thomas Norris on behalf of REPUBLICAN NATIONAL COMMITTEE (Norris, Cameron) (Entered: 01/13/2021) |
| 01/15/2021 | 13 | MOTION for Extension of Time to File Answer re 8 Amended Complaint, by DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, DONALD J. TRUMP (Attachments: # 1 Proposed Order)(Norris, Cameron) (Entered: 01/15/2021) |
| 01/19/2021 | | MINUTE ORDER granting 13 MOTION for Extension of Time to File Answer. Defendants shall answer or otherwise respond to Plaintiffs' Amended Complaint by no later than February 24, 2021. Signed by Judge Emmet G. Sullivan on 1/19/2021. (lcegs3) (Entered: 01/19/2021) |
| 01/21/2021 | | Set/Reset Deadlines: Defendant Answer Or Otherwise Response To Plaintiff's Amended Complaint due by 1/24/2021. (mac) (Entered: 01/21/2021) |
| 01/25/2021 | 14 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MICHIGAN WELFARE RIGHTS ORGANIZATION (Spital, Samuel) (Entered: 01/25/2021) |
| 01/25/2021 | 15 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NAACP (Spital, Samuel) (Entered: 01/25/2021) |

| 01/28/2021 | 16 | | NOTICE of Appearance by Tyler R. Green on behalf of REPUBLICAN NATIONAL COMMITTEE (Green, Tyler) (Entered: 01/28/2021) |
| 02/02/2021 | 17 | | NOTICE of Appearance by Jason Bradford on behalf of NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR (Bradford, Jason) (Entered: 02/02/2021) |
| 02/02/2021 | 18 | | NOTICE of Appearance by Jonathan Enfield on behalf of NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR (Enfield, Jonathan) (Entered: 02/02/2021) |
| 02/09/2021 | 19 | | NOTICE of Appearance by Harmeet Dhillon on behalf of REPUBLICAN NATIONAL COMMITTEE (Dhillon, Harmeet) (Entered: 02/09/2021) |
| 02/09/2021 | 20 | | NOTICE of Appearance by Mark Meuser on behalf of REPUBLICAN NATIONAL COMMITTEE (Meuser, Mark) (Entered: 02/09/2021) |
| 02/09/2021 | 21 | | MOTION to Transfer Case by REPUBLICAN NATIONAL COMMITTEE. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Dhillon, Harmeet) (Entered: 02/09/2021) |
| 02/09/2021 | 22 | | MOTION for Joinder *to Transfer Venue* by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Binnall, Jesse) (Entered: 02/09/2021) |
| 02/23/2021 | 23 | | Memorandum in opposition to re 21 MOTION to Transfer Case filed by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Text of Proposed Order)(Bradford, Jason) (Entered: 02/23/2021) |
| 02/24/2021 | 24 | | MOTION to Dismiss by REPUBLICAN NATIONAL COMMITTEE. (Attachments: # 1 Text of Proposed Order)(Green, Tyler) (Entered: 02/24/2021) |
| 02/24/2021 | 25 | | MOTION to Dismiss by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Text of Proposed Order)(Binnall, Jesse); Modified text and modified event on 2/25/2021 (ztth). (Entered: 02/24/2021) |
| 03/02/2021 | 26 | | REPLY to opposition to motion re 21 MOTION to Transfer Case filed by REPUBLICAN NATIONAL COMMITTEE. (Dhillon, Harmeet) (Entered: 03/02/2021) |
| 03/03/2021 | 27 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss , 25 MOTION to Dismiss by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Proposed Order)(Bradford, Jason) (Entered: 03/03/2021) |
| 03/04/2021 | 28 | | NOTICE of Change of Address by Jesse R Binnall (Binnall, Jesse) (Entered: 03/04/2021) |
| 03/05/2021 | | | MINUTE ORDER granting 27 unopposed motion for extension of time. Plaintiffs shall file their opposition to Defendants' motions to dismiss by no later than April 7, 2021. Signed by Judge Emmet G. Sullivan on 3/5/2021. (lcegs3) (Entered: 03/05/2021) |

| 03/07/2021 | | | Set/Reset Deadlines: Plaintiffs Opposition To Defendants' Motions To Dismiss due by 4/7/2021. (mac) (Entered: 03/07/2021) |
|---|---|---|---|
| 03/11/2021 | 29 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Janai Nelson, Filing fee $ 100, receipt number ADCDC–8296428. Fee Status: Fee Paid. by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Declaration of Janai Nelson, # 2 Text of Proposed Order)(Spital, Samuel) (Entered: 03/11/2021) |
| 03/11/2021 | 30 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Monique N. Lin–Luse, Filing fee $ 100, receipt number ADCDC–8296501. Fee Status: Fee Paid. by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Declaration of Monique N. Lin–Luse, # 2 Text of Proposed Order)(Spital, Samuel) (Entered: 03/11/2021) |
| 03/11/2021 | | | MINUTE ORDER granting 29 motion for leave to appear pro hac vice. Janai Nelson is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 3/11/2021. (lcegs3) (Entered: 03/11/2021) |
| 03/11/2021 | | | MINUTE ORDER granting 30 motion for leave to appear pro hac vice. Monique N. Lin–Luse is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 3/11/2021. (lcegs3) (Entered: 03/11/2021) |
| 04/06/2021 | 31 | | NOTICE of Appearance by Monique Lin–Luse on behalf of All Plaintiffs (Lin–Luse, Monique) (Entered: 04/06/2021) |
| 04/06/2021 | 32 | | NOTICE of Appearance by Janai Nelson on behalf of All Plaintiffs (Nelson, Janai) (Entered: 04/06/2021) |
| 04/07/2021 | 33 | | NOTICE of Appearance by William L. Von Hoene on behalf of NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR (Von Hoene, William) (Entered: 04/07/2021) |
| 04/07/2021 | 34 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Stephen L. Ascher, Filing fee $ 100, receipt number ADCDC–8358727. Fee Status: Fee Paid. by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Declaration of Stephen L. Ascher in Support, # 2 Proposed Order)(Bradford, Jason) (Entered: 04/07/2021) |
| 04/07/2021 | 35 | | Memorandum in opposition to re 24 MOTION to Dismiss , 25 MOTION to Dismiss filed by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Text of Proposed Order)(Bradford, Jason) (Entered: 04/07/2021) |
| 04/08/2021 | 36 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss , 25 MOTION to Dismiss by DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Green, Tyler) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/08/2021) |
| 04/08/2021 | | | MINUTE ORDER granting 36 unopposed motion for extension of time. Defendants shall file their reply briefs by no later than April 21, 2021. Signed by Judge Emmet G. Sullivan on 4/8/2021. (lcegs3) (Entered: 04/08/2021) |
| 04/08/2021 | | | MINUTE ORDER granting 34 motion for admission pro hac vice. Stephen L. Ascher is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 4/8/2021. (lcegs3) (Entered: 04/08/2021) |
| 04/09/2021 | | | Set/Reset Deadlines: Defendants Reply Briefs due by 4/21/2021. (mac) (Entered: 04/09/2021) |
| 04/21/2021 | 37 | | REPLY to opposition to motion re 24 MOTION to Dismiss filed by REPUBLICAN NATIONAL COMMITTEE. (Green, Tyler) (Entered: 04/21/2021) |
| 04/21/2021 | 38 | | REPLY to opposition to motion re 25 MOTION to Dismiss filed by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Binnall, Jesse) (Entered: 04/21/2021) |
| 04/28/2021 | 39 | | NOTICE of Appearance by Stephen Ascher on behalf of NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR (Ascher, Stephen) (Entered: 04/28/2021) |
| 05/03/2021 | 40 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Patrick Strawbridge, Filing fee $ 100, receipt number ADCDC–8417015. Fee Status: Fee Paid. by REPUBLICAN NATIONAL COMMITTEE. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(Norris, Cameron) (Entered: 05/03/2021) |
| 05/04/2021 | | | MINUTE ORDER granting 40 motion for leave to appear pro hac vice. Patrick Strawbridge is hereby admitted pro hac vice in this action. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Emmet G. Sullivan on 5/4/2021. (lcegs3) (Entered: 05/04/2021) |
| 05/05/2021 | 41 | | NOTICE of Appearance by Patrick Neilson Strawbridge on behalf of REPUBLICAN NATIONAL COMMITTEE (Strawbridge, Patrick) (Entered: 05/05/2021) |
| 11/10/2021 | 42 | | MOTION to Withdraw as Attorney by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Text of Proposed Order)(Von Hoene, William) (Entered: 11/10/2021) |
| 11/12/2021 | | | MINUTE ORDER granting 42 motion to withdraw as attorney. It is hereby ORDERED that William L. Von Hoene is withdrawn as attorney. Signed by Judge Emmet G. Sullivan on 11/12/2021. (lcegs3) (Entered: 11/12/2021) |
| 01/12/2022 | 43 | | NOTICE of Appearance by Anuja Diwakar Thatte on behalf of All Plaintiffs (Thatte, Anuja) (Entered: 01/12/2022) |
| 03/29/2022 | 44 | | NOTICE of Appearance by Gary Lawkowski on behalf of REPUBLICAN NATIONAL COMMITTEE (Lawkowski, Gary) (Entered: 03/29/2022) |

| 03/29/2022 | 45 | | NOTICE of Appearance by David Alan Warrington on behalf of REPUBLICAN NATIONAL COMMITTEE (Warrington, David) (Entered: 03/29/2022) |
|---|---|---|---|
| 03/31/2022 | 46 | | NOTICE OF SUPPLEMENTAL AUTHORITY by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR (Attachments: # 1 Exhibit A)(Bradford, Jason) (Entered: 03/31/2022) |
| 03/31/2022 | 47 | | MOTION for Status Conference by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Proposed Order)(Bradford, Jason) (Entered: 03/31/2022) |
| 03/31/2022 | 48 | | ORDER denying Motion to Transfer Case 21 ; denying 22 Motion to Transfer Case; granting in part and holding in abeyance in part 24 Motion to Dismiss; granting in part and holding in abeyance in part 25 Motion to Dismiss. Signed by Judge Emmet G. Sullivan on 3/31/2022. (lcegs1) (Entered: 03/31/2022) |
| 04/01/2022 | 49 | | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 4/1/2022. (lcegs1) (Entered: 04/01/2022) |
| 04/05/2022 | | | MINUTE ORDER denying without prejudice 47 Motion for Status Conference in view of 46 Notice of Supplemental Authority and 49 Memorandum Opinion. To the extent Plaintiffs seek discovery at this time, Plaintiffs must file a motion consistent with Local Civil Rule 7. Signed by Judge Emmet G. Sullivan on 4/5/2022. (lcegs1) (Entered: 04/05/2022) |
| 04/11/2022 | 50 | | RESPONSE re 46 NOTICE OF SUPPLEMENTAL AUTHORITY filed by REPUBLICAN NATIONAL COMMITTEE. (Green, Tyler) (Entered: 04/11/2022) |
| 04/14/2022 | 51 | | RESPONSE re 46 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Binnall, Jesse) (Entered: 04/14/2022) |
| 05/16/2022 | 52 | | MOTION to Clarify re 24 MOTION to Dismiss , 48 Order on Motion to Transfer Case,, Order on Motion for Joinder,, Order on Motion to Dismiss,,, 25 MOTION to Dismiss , 49 Memorandum & Opinion, 8 Amended Complaint, /Plaintiffs' Motion for Clarification and Statement of Points and Authorities by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Text of Proposed Order)(Bradford, Jason) (Entered: 05/16/2022) |
| 05/31/2022 | 53 | | RESPONSE re 52 MOTION to Clarify re 24 MOTION to Dismiss , 48 Order on Motion to Transfer Case,, Order on Motion for Joinder,, Order on Motion to Dismiss,,, 25 MOTION to Dismiss , 49 Memorandum & Opinion, 8 Amended Complaint, / filed by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Binnall, Jesse) (Entered: 05/31/2022) |
| 06/01/2022 | 54 | | RESPONSE re 52 MOTION to Clarify re 24 MOTION to Dismiss , 48 Order on Motion to Transfer Case,, Order on Motion for Joinder,, Order on Motion to Dismiss,,, 25 MOTION to Dismiss , 49 Memorandum & Opinion, 8 Amended Complaint, / filed by REPUBLICAN NATIONAL COMMITTEE. (Warrington, David) (Entered: 06/01/2022) |

| 06/10/2022 | | | MINUTE ORDER denying 52 Motion to Clarify. To the extent Plaintiffs seek to file an Amended/Supplemental Complaint, they shall move for leave to do so by no later than June 16, 2022. Any opposition shall be filed by no later than June 30, 2022, and the reply, if any, shall be filed by no later than July 7, 2022. The Court declines to rule on the pending Motions to Dismiss as to Plaintiff's Section 1985(3) claim prior to considering the Motion for Leave to File an Amended Complaint. Plaintiffs are reminded to comply with the directives in the Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan, ECF No. 6. Signed by Judge Emmet G. Sullivan on 6/10/2022. (lcegs1) (Entered: 06/10/2022) |
| 06/13/2022 | | | Set/Reset Deadlines: Plaintiffs To File An Amended/Supplemental due by 6/16/2022. Opposition due by 6/30/2022. Reply, If Any, due by 7/7/2022. (mac) (Entered: 06/13/2022) |
| 06/16/2022 | 55 | | MOTION for Leave to File *Second Amended Complaint and Statement of Points and Authorities* by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Bradford, Jason) (Entered: 06/16/2022) |
| 06/30/2022 | 56 | | RESPONSE re 55 MOTION for Leave to File *Second Amended Complaint and Statement of Points and Authorities* filed by REPUBLICAN NATIONAL COMMITTEE. (Warrington, David) (Entered: 06/30/2022) |
| 06/30/2022 | 57 | | RESPONSE re 55 MOTION for Leave to File *Second Amended Complaint and Statement of Points and Authorities* filed by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Binnall, Jesse) (Entered: 06/30/2022) |
| 07/07/2022 | 58 | | REPLY to opposition to motion re 55 MOTION for Leave to File *Second Amended Complaint and Statement of Points and Authorities* filed by NICOLE HILL, TEASHA JONES, MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR. (Spital, Samuel) (Entered: 07/07/2022) |
| 11/28/2022 | 59 | | MEMORANDUM OPINION AND ORDER granting 55 Motion for Leave to File Second Amended Complaint. Signed by Judge Emmet G. Sullivan on 11/28/2022. (lcegs1) (Entered: 11/28/2022) |
| 11/28/2022 | 60 | | SECOND AMENDED COMPLAINT against DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, DONALD J. TRUMP filed by TEASHA JONES, NAACP, MICHIGAN WELFARE RIGHTS ORGANIZATION, MAUREEN TAYLOR, NICOLE HILL. (ztth) (Entered: 11/30/2022) |
| 11/30/2022 | 61 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 59 Order on Motion for Leave to File by DONALD J. TRUMP. Filing fee $ 505, receipt number BDCDC–9704910. Fee Status: Fee Paid. Parties have been notified. (Binnall, Jesse) (Entered: 11/30/2022) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR, NICOLE L. HILL, and TEASHA K. JONES, | ) ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Civil Case No. 1:20-cv-03388-EGS ) |
| DONALD J. TRUMP; DONALD J. TRUMP FOR PRESIDENT, INC.; and REPUBLICAN NATIONAL COMMITTEE, | ) ) ) ) |
| *Defendants*. | ) ) ) ) |

## NOTICE OF APPEAL

Defendant Donald J. Trump hereby gives notice of his appeal to the United States

Court of Appeals for the D.C. Circuit from this Court's Memorandum Opinion and Order

entered on November 28, 2022, granting Plaintiffs' Motion for Leave to File Second

Amended Complaint (Dkt. 55), which specifically denied President Trump's assertion of

absolute immunity.

Dated: November 30, 2022                Respectfully submitted,

                                        /s/ Jesse R. Binnall
                                        Jesse R. Binnall (VA022)
                                        Binnall Law Group, PLLC
                                        717 King Street, Suite 200

1

Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com

*Attorney for Donald J. Trump and*
*Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 30, 2022, I electronically filed the foregoing Notice of

Appeal with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel and parties of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump and*
*Donald J. Trump for President, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.* Plaintiffs, v. DONALD J. TRUMP, *et al.*, Defendants. | Civ. Action No. 20-3388 (EGS) |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Plaintiffs Michigan Welfare Rights Organization ("MWRO"), the National Association for the Advancement of Colored People ("NAACP"), Maureen Taylor ("Ms. Taylor"), Nicole Hill ("Ms. Hill"), and Teasha Jones ("Ms. Jones") (collectively "Plaintiffs") bring this case against Defendants the Republican National Committee ("RNC"); Donald J. Trump for President, Inc. (the "Trump Campaign"), and Donald J. Trump ("Former President Trump") (collectively, "Trump Defendants"), alleging violations of the Voting Rights Act ("VRA"), 52 U.S.C. § 10307(b); and the Ku Klux Klan Act ("KKK Act"), 42 U.S.C. § 1985(3); based on conduct alleged to have occurred throughout the country around the 2020 Presidential Election. *See generally* Amended Complaint

("Am. Compl.") ECF No. 8.[1] On April 1, 2022, this Court issued a
Memorandum Opinion and Order granting Defendants' Motions to
Dismiss as to Plaintiffs' VRA claim, and holding in abeyance the
Motions to Dismiss as to Plaintiffs' KKK Act Claim. *See
generally* Mem. Op., ECF No. 49, Order, ECF No. 48.

Pending before the Court is Plaintiffs' Motion for Leave to
File Second Am. Compl. ("Pls.' Mot."), *see* ECF No. 55; which
also includes a request for the Court to reconsider the VRA
claim considering Plaintiffs' new allegations. Both the RNC and
the Trump Defendants oppose the motion. *See* RNC Opp'n, ECF No.
56; Trump Defs.' Opp'n, ECF No. 57.

Upon consideration of the motion, responses, and the reply
thereto, and the applicable law, the Court **GRANTS** Plaintiffs'
Motion to Amend, ECF No. 55; and **FINDS AS MOOT** the portions of
the RNC's Motion to Dismiss, *see* ECF No. 24; and the Trump
Defendants' Motion to Dismiss, *see* ECF No. 25-1; that were held
in abeyance.

## II.   Factual and Procedural Background

Plaintiff MWRO is the Michigan state chapter of the
National Welfare Rights Union and is based in Detroit, Michigan.
*See* Am. Compl., ECF No. 8 ¶ 7. MWRO "conducts voter engagement

---

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

2

efforts targeted at low-income voters of color" and has members "who reside in Detroit in Wayne County, Michigan, voted in the November 2020 election, and cast a ballot for President." *Id.* Plaintiffs Maureen Taylor, Nicole L. Hill, and Teasha K. Jones reside in Detroit and cast their votes for President in the 2020 election. *Id.* ¶¶ 8-10. Plaintiff the NAACP is "the nation's largest and oldest civil rights grassroots organization" and "has over 220,000 members nationwide." *Id.* ¶ 12. It has "members across the country who voted in the 2020 election and who plan to vote in future elections, including in Michigan, Wisconsin, Pennsylvania, Georgia, Arizona, and Nevada." *Id.*

Defendant Donald J. Trump was the forty-fifth President of the United States. *Id.* ¶ 13. In November 2020, he was an unsuccessful candidate for re-election to that office. *Id.* He is domiciled in Florida, and was also domiciled there when the events alleged in the Amended Complaint occurred. *See* Trump Defs.' MTD, ECF No. 25-1 at 8. Donald J. Trump for President, Inc. ("Trump Campaign"), is a Virginia corporation with a principal place of business in New York and an office in Virginia. *See id.* The RNC is a national political party with its principal place of business at 310 First Street S.E., Washington D.C. *See* Mot. to Transfer, ECF No. 21 at 7.

On November 20, 2020, Plaintiffs brought suit in this Court alleging: (1) Violation of Section 11(b) of the Voting Rights

3

Act ("VRA"), *see* 52 U.S.C. §10307(b); and (2) Conspiracy to Interfere with Civil Rights in Violation of 42 U.S.C. §1985(3).[2] *See* Am. Compl.*,* ECF No. 8 ¶¶ 76-85. Plaintiffs assert that Defendants conspired to prevent the counting of legally cast ballots, *see id.* ¶¶ 20, 76-85; and that the objective of Defendants' conspiracy was to intimidate election officials, disenfranchise and overturn the will of voters, and ensure that then-President Trump remained President despite losing the 2020 presidential election, *see, e.g.*, *id.* ¶¶ 35-37.

On April 1, 2022, the Court issued a Memorandum Opinion and Order granting Defendants' Motions to Dismiss Plaintiffs' VRA claim and holding in abeyance the motions as to Plaintiffs' KKK Act Claim. *See generally* Mem. Op., ECF No. 49. Plaintiffs subsequently sought to amend their complaint so as to address the Court's concerns regarding their VRA claim and to add factual allegations regarding conduct by the RNC and the Trump Defendants that occurred or involved evidence that became available after Plaintiffs filed their Amended Complaint on December 21, 2020. Pls.' Mot., ECF No. 55 at 2. The RNC and the Trump Defendants have opposed this motion. *See* RNC Opp'n, ECF No. 56; Trump Defs.' Opp'n, ECF No. 57. Plaintiffs have filed a

---

[2] Since the Court has already issued a Memorandum Opinion as to the Voting Rights Act claim, *see* ECF No. 49; this opinion focuses on the allegations relevant to the conspiracy claim.

4

reply. *See* ECF No. 58. The motion is ripe and ready for
adjudication.

## III. Standard of Review

### A. Motion for Leave to Amend a Complaint

Under Federal Rule of Civil Procedure 15(a), the court
should "freely give leave" to a party to amend a pleading "when
justice so requires." Fed. R. Civ. P. 15(a)(2). Although the
court has sole discretion to grant or deny leave to amend,
"[l]eave to amend a complaint should be freely given in the
absence of undue delay, bad faith, undue prejudice to the
opposing party, repeated failure to cure deficiencies, or
futility." *Richardson v. United States*, 193 F.3d 545, 548–49
(D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83
S.Ct. 227, 9 L.Ed.2d 222 (1962)); see also *James Madison Ltd. v.
Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a
motion to amend a complaint as futile ... if the proposed claim
would not survive a motion to dismiss."). "The burden is on the
defendant to show that leave to file an amended complaint should
be denied." *Afram v. United Food & Commercial Workers Unions &
Participating Emp'rs Health & Welfare Fund*, 958 F. Supp. 2d 275,
278 (D.D.C. 2013).

### B. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by [Article III of the] Constitution and [by] statute." *Logan v. Dep't of Veterans Affairs,* 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). "There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiff in this case, to establish that the Court has subject matter jurisdiction over the action." *Id.* at 153 (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 182–83 (1936)).

The requirement of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). There are three requirements for standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the

6

> court." Third, it must be "likely," as opposed
> to merely "speculative," that the injury will
> be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560–61 (citation omitted).

In assessing whether a complaint sufficiently alleges subject matter jurisdiction, the Court accepts as true the allegations of the complaint, *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); and liberally construes the pleadings such that the plaintiff benefits from all inferences derived from the facts alleged, *Barr v. Clinton,* 370 F. 3d 1196, 1199 (D.C. Cir. 2004).

However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (citations, quotation marks and brackets omitted). Consequently, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject matter jurisdiction if it is not colorable, *i.e.,* if it is immaterial and made solely for the purpose of obtaining jurisdiction or it is wholly insubstantial and frivolous." *Arbaugh,* 546 U.S. 500, 513 n.10 (2006) (citation omitted); *accord Tooley v. Napolitano,* 586 F.3d 1006, 1009 (D.C. Cir. 2009) (citation omitted).

7

## IV. Analysis

Plaintiffs seek leave to: (1) address the shortcomings in their VRA claim, for which the Court granted Defendants' Motions to Dismiss, *see* Mem. Op., ECF No. 49; and (2) to add factual allegations regarding conduct that occurred or evidence that became available after they filed their Amended Complaint on December 21, 2020. Pls.' Mot., ECF No. 55 at 2. They contend that there is no "sufficient reason" to deny leave to amend because they are "moving within a reasonable time and with proper motivation; they have not previously failed to cure any pleading deficiency identified by this Court; and amendment would not be futile." Pl.'s Mot., ECF No. 55 at 3.

The RNC responds that the motion should be denied on futility grounds because Plaintiffs' amended allegations are insufficient to address the standing deficiencies as to the VRA claim. *See* RNC Opp'n, ECF No. 56 at 1, 6. The Trump Defendants similarly contend that "[n]one of the additional facts or politically charged rhetoric alleged by Plaintiffs changes the legal conclusion at the heart of the Court's holding dismissing their claim under Section 11(b) of the Voting Rights Act: Plaintiffs lack standing to pursue a claim." Trump Defs.' Opp'n, ECF No. 57 at 2. Both oppositions address only Plaintiffs' attempt to address the deficiencies in their VRA claim.

## A. The SAC Is Not Futile

Plaintiffs argue that the proposed Second Amended Complaint ("SAC") would not be futile because the additional factual allegations demonstrate that there is a substantial risk that they will suffer future harm caused by Defendants, and thereby have standing for the VRA § 11(b) claim. Pl.'s Mot., ECF No. 55 at 4-5. Plaintiffs assert that Defendants' "illegal attempts to disenfranchise the individual Plaintiffs and the members of the organizational Plaintiffs have continued since Plaintiffs filed their Amended Complaint, and the harms from that conduct are also continuing . . .." *Id.* at 5. The RNC responds that: (1) Plaintiffs have not established a real and impending threat from the RNC; and (2) Plaintiffs provide "no evidence" that the RNC is responsible for the "isolated" actions of state and local officials who are RNC members and therefore fail to meet the redressability prong of standing. RNC Opp'n, ECF No. 56 at 2, 4. The Trump Defendants reiterate that Plaintiffs have presented no evidence of future disenfranchisement or imminent harm. Trump Defs.' Opp'n, ECF No. 57 at 5.[3]

---

[3] The Trump Defendants assert that the RNC's February 2022 resolution censuring Republican legislators Liz Cheney and Adam Kinzinger for their involvement in investigating the January insurrection in which participants used violence and terror to try to prevent Congressional certification of the election results has "no relation" to this case and strays into non-justiciable political questions. *See* Trump Defs.' Opp'n, ECF No. 57 at 6-7. But the Trump Defendants' attempt to recast the issue does not change that the Court is not settling any dispute

9

The Court rejects Defendants' futility arguments,

concluding that the allegations in Plaintiffs' SAC meet the bar

for standing for the purpose of addressing the Motion to Amend.

Before reaching the imminence and redressability components of

its standing analysis, the Court considers the threshold issue

of immunity, which the Trump Defendants assert is absolute for

Former President Trump. *See* Defs.' Mot., ECF No. 57 at 7.

### 1. **Former President Trump is Not Absolutely Immune From Damages Liability**

The Trump Defendants assert that the SAC fails as to Former

President Trump because it is barred by the President's absolute

immunity, *see* Trump Defs.' Opp'n, ECF No. 57 at 7; reiterating

their earlier argument that Former President Trump is

"absolutely immune" from damages liability predicated on acts

within the "outer perimeter" of his official responsibility.

Trump Defs.' Mo. to Dismiss, ECF No. 25-1 at 19-20. Plaintiffs

renew their prior argument that they are pursuing claims against

Former President Trump for actions taken in his personal

capacity as a *candidate*, not in his official capacity as

President. Pls.' Reply, ECF No. 58 at 5-6; Pls.' Mot. to Dismiss

Opp'n, ECF No. 35 at 25. The Trump Defendants assert that Former

President Trump was "contesting election results so as to

---

between the RNC and its legislators: it is considering the *fact*
of the censure resolution as evidence presented by Plaintiff.

preserve, protect, and defend the Constitution of the United
States." Trump Defs.' MTD Reply, ECF No. 38 at 12.

When defending against actions for damages, the President's
privilege is absolute, meaning he has a complete defense
entitling him to summary judgment, subject only to the
requirement that his actions fall within the outer perimeter of
his official duties. *Chastain v. Sundquist*, 833 F.2d 311, 315
(D.C. Cir. 1987). However, immunity does not protect acts that
Former President Trump undertook *outside* the outer perimeter of
his official duties. *Clinton v. Jones*, 520 U.S. 681, 694-95
(1997) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 757, 759
(1982)) (finding that the President's "effort to construct an
immunity from suit for unofficial acts grounded purely in the
identity of his office [was] unsupported by precedent").

The Court agrees with Plaintiffs that Former President
Trump's "at-issue conduct is purely political and therefore well
beyond the contours of presidential immunity." Pls.' Reply, ECF
No. 58 at 5-6. It has long been recognized that political
activity necessarily falls outside the scope of the President's
official duties. *See*, *e.g., Payment of Expenses Associated with
Travel by the President and Vice President*, Justice.Gov (Mar.
24, 1982), https://www.justice.gov/sites/default/
files/olc/opinions/1982/03/31/op-olc-v006-p0214_0.pdf at 216-17
(concluding that political activity falls outside the scope of

11

the President's official duties and activities if its primary
purpose involves the President's position as the leader of their
party). Persuasive authority in this district specifically
recognizes that there is no immunity defense for Former
President Trump for "unofficial acts" which "entirely concern
his efforts to remain in office for a second term." *Thompson v.
Trump*, No. 21-CV-00400 (APM), 2022 WL 503384, at \*18 (D.D.C.
Feb. 18, 2022); *see also United States v. Chrestman*, 525 F.
Supp. 3d 14, 33 (D.D.C. 2021) ("[A] President cannot, within the
confines of his constitutional authority, prevent the
constitutionally mandated certification of the results of a
Presidential Election or encourage others to do so on his
behalf, nor can he direct an assault on the coequal Legislative
branch of government."). The Trump Defendants provide no reason
why this case, which relates to some of the same underlying
events, warrants a different conclusion.

Further, and as Plaintiffs assert, Former President Trump
"does not even attempt to explain how intimidating and coercing
election officials, or inciting intimidation and threats against
election officials, could possibly constitute executive action
in defense of the Constitution, particularly given that his
actions targeted *only* officials in areas where he lost." Pls.'
MTD Opp'n, ECF No. 35 at 25. "Nor does he offer any reason to
believe his efforts to expose 'election fraud' were part of any

12

executive effort." *Id.* If Former President Trump disrupted the certification of the electoral vote count, as Plaintiffs allege here, such actions would not constitute executive action in defense of the Constitution. For these reasons, the Court concludes that Former President Trump is not immune from monetary damages in this suit. *Chrestman*. 525 F. Supp. 3d at 33.

## 2. The SAC Adequately Alleges Standing

The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* An injury in fact must be "concrete and particularized" and "'actual or imminent, not conjectural or hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court and D.C. Circuit have explained that the imminence requirement is satisfied where there is a "substantial risk" of future harm. *See, e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013); *Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (D.C. Cir. 2017). Courts in this District have stressed that "substantial risk" is the touchstone for analyzing imminence. *See*, *e.g.*, *Richardson v. Trump*, 496 F. Supp. 3d 165, 178 (D.D.C. 2020). "[P]ast wrongs" do not

13

"themselves amount" to the kind of "real and immediate threat" of future injury "necessary to make out a case or controversy" for a claim seeking only equitable relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 372 (1976)).

Here, Plaintiffs assert that the SAC adds allegations showing that the harm to them is both imminent and ongoing. *See* SAC, ECF No. 155-2 ¶¶ 128-30. Plaintiffs argue that Former President Trump has repeatedly advocated illegal action to overturn the 2020 election. *Id.* ¶¶ 101–108, 112–114. Plaintiffs point to several examples of Former President Trump's ongoing efforts to overturn the results of the 2020 election, including: (1) pressuring the Speaker of the Wisconsin Assembly to nullify the 2020 election results in March 2022, *id.* ¶ 112, which the Speaker is not legally permitted to do; (2) continuing in 2022 to pressure, behind the scenes, Alabama Representative Mo Brooks and other lawmakers to "rescind" the 2020 presidential election results, *id.* ¶ 113, which there is no legal basis for doing; and (3) backing candidates in 2022 elections in order to have a "new Legislature" in Michigan that would, baselessly, try to undermine the 2020 presidential election results, and backing other 2022 candidates because they endorse his false claims that the 2020 presidential election was stolen from him, *id.* ¶ 114.

14

Plaintiffs claim that "the onslaught of threats and intimidation directed at election officials by Defendants and their agents following the 2020 presidential election" "have led both to an exodus of election officials as they retire early or simply quit and to fears among election officials that political leaders will interfere with how they do their jobs in future elections, including by pressuring those officials to certify election results in favor of a specific candidate or party." *Id.* ¶ 35. In support of their argument that harm is ongoing and imminent, Plaintiffs also allege that "[o]ne in six election officials has experienced job-related threats, and thirty percent of officials know of one or more election workers who have already left their jobs because of the threats and intimidation." *Id.* ¶ 36.

The Trump Defendants respond that Plaintiffs fail to show any "substantial risk" that their votes will not be counted or that Plaintiffs will be personally injured due to the actions of Defendants in the future. Trump Defs.' Opp'n, ECF No. 57 at 5. They suggest to this Court that "Plaintiffs are reiterating a tired trope that any effort to ensure the integrity of the election is an illegal attempt to suppress legitimate votes." *Id.* The Court disagrees.

As a fellow Judge in this district previously observed as to the "integrity" of Former President Trump's efforts:

15

> "[Former President Trump] recited a litany of
> false claims about the ways in which the
> election had been stolen in Pennsylvania
> (e.g., over 200,000 more ballots cast than
> voters), Wisconsin (e.g., postal service
> workers were told to backdate 100,000
> ballots), Georgia (e.g., election officials
> pulled "boxes ... and suitcases of ballots out
> from under a table"), Arizona (e.g., 36,000
> ballots were cast by noncitizens), Nevada
> (e.g., more than 42,000 double votes), and
> Michigan (e.g., thousands and thousands of
> ballots were improperly backdated).

*Trump*, 2022 WL 503384, at *43. With no evidence of voter fraud

and based entirely on his own false claims narrative, Former

President Trump then stated:

> "If we allow this group of people to illegally
> take over our country, because it's illegal
> when the votes are illegal, when the way they
> got there is illegal, when the States that
> vote are given false and fraudulent
> information . . . the [immigrant] caravans are
> forming again. They want to come in again and
> rip off our country. Can't let it happen."

*Trump*, 2022 WL 503384, at *43. He then told his supporters

"you're allowed to go by very different rules," and to march on

the Capitol, "fight like hell," and "take back our country," *see

id.* at *1, *5, *32. Yet the Trump Defendants would have the

Court disregard evidence and reason and credit the view that

Former President Trump's efforts were to prevent the counting of

"*illegal* votes, and implementing measure[s] to prevent *illegal*

votes do [sic] nothing to impact valid, legal votes." *Id*. The

Court declines to do so.

16

     The Trump Defendants also insist that "[Former President
Trump's] discussions with election officials and state
government leaders" do not impact "valid, legal votes" and that
"President's Trump encouragement of poll watchers does not mean
that Plaintiffs will be prevented from voting." Trump Defs.'
Opp'n, ECF No. 57 at 5-6. Plaintiffs allege that Former
President Trump continues to spread false claims about the 2022
elections and continues to attempt to pressure officials into
nullifying the election results: Plaintiffs extensively allege
the efforts of Former President Trump and his allies as recently
as March 2022 to get state officials to overturn the election
results, *see* SAC, ECF No. 55-2 ¶¶ 112-113; to endorse and
provide financial support to candidates for office who supported
his false claims of election fraud, *see id.* ¶ 114; all while
fundraising for the 2024 Presidential Election, *see id.* ¶ 115.
These allegations are perhaps the opposite of what the Trump
Defendants term "vague suggestions of fear or intimidation."
Trump Defs. Mot., ECF No. 57 at 6.

     Given that the individual Plaintiffs live in Michigan, a
state where Plaintiffs extensively allege Defendants have
repeatedly undertaken efforts to disenfranchise voters through
targeted harassment, intimidation, and efforts to prevent the
complete counting and certification of validly cast ballots, *see*
SAC, ECF No. 55-2 ¶¶ 8-10, 25, 34, 39-41; the Court concludes

17

that Plaintiffs' allegations support severe, substantial harm
from Former President Trump's ongoing and continued efforts to
intimidate officials, spread false claims of fraud, and imperil
the right to vote. The Court is also cognizant that the
individual Plaintiffs are Black voters who are particularly
targeted by Former President Trump's baseless allegations of
election fraud. SAC ¶¶ 8-10, 25, 46. The Court concludes that
Plaintiffs have adequately alleged, for the purposes of the
Motion to Amend, that the Trump Defendants not only caused great
harm to Plaintiffs in the past but also pose a very substantial
risk in the future to Plaintiffs' fundamental right to vote. For
all these reasons, the SAC is not futile.

     As to the RNC specifically, Plaintiffs allege that RNC
Chairwoman Ronna McDaniel has publicly stated there were "lots
of problems with the election," described the insurrection as
"legitimate political discourse," and criticized the
investigation as "persecution of ordinary citizens." *Id.* ¶ 116.
Plaintiffs point out that on February 4, 2022, the RNC passed a
resolution censuring Republican legislators Liz Cheney and Adam
Kinzinger for their involvement in investigating the January 6
insurrection in which participants used violence and terror to
try to prevent Congressional certification of the election
results. *Id.*

18

Plaintiffs further allege that the RNC and state Republican organizations are undertaking large-scale "election integrity" efforts, spearheaded by individuals who have publicly encouraged election interference and intimidation during the 2020 election results, to interfere with voting and vote counting in 2022. *Id.* ¶¶ 117–119. As examples, Plaintiffs state that: (1) Michigan Republican Party Co-Chair and RNC member Meshawn Maddock, a so-called "alternate elector" who participated in the coordinated effort to undermine Michigan's (and other states') 2020 election certification by submitting false election "certifications" purporting to show that Former President Trump won the election, is now involved in recruiting thousands of poll watchers to "flood the system" in forthcoming elections, *id.* ¶ 119; (2) in Texas, state Republican officials have administered virtual trainings likely to encourage poll watchers to assume that votes cast by voters of color are presumptively illegitimate by instructing those poll watchers that "fraud is occurring" in "densely populated, largely Black, Latino, and Asian neighborhoods." *id.*; (3) election watchdog groups and legal experts warn that the RNC's efforts to recruit and install partisans who believe Defendants' false election fraud narrative in positions that should be occupied by unbiased officials, thus risking "chaos" in jurisdictions with large numbers of voters of color, including Detroit, *id.* ¶ 118.

19

The RNC responds that the censure of two of its officials is backward looking and related to "specific and unrelated actions by the Committee." RNC Opp'n, ECF No. 56 at 2-3. It similarly states that Chairwoman Ronna McDaniel's statements are backward looking. *Id.* at 3. The RNC also contends that the subpoenas issued by the House Select investigating January 6 to several individuals who were listed as potential alternate electors and happen to be current or former members of the RNC are past wrongs "not attributable to the RNC." *Id.* As to the RNC's alleged efforts to recruit and train poll watchers, *see* SAC ¶¶ 117-119; the RNC concedes this is future looking but states that Plaintiffs fail to connect these efforts to "impending" future harm without showing that they "will" happen. RNC Opp'n, ECF No. 56 at 4. As for activity by state and local Republican officials, the RNC seeks to absolve itself of all responsibility of its members' conduct. *Id.* Essentially, the RNC invites this Court to construe every challenged action by an RNC official as not attributable to the RNC, as a "past wrong," and if not, as a future harm that Plaintiffs have not shown *will* happen. The Court declines to do so.

As a threshold matter, the Court notes that the RNC's argument that the political behaviors of its own officials are not attributable to it are not cognizable at this stage where the motion to dismiss was granted on standing grounds alone, and

20

the sole inquiry is whether Plaintiffs can plausibly allege
their Section 11(b) claim. *See Ctr. for Biological Diversity v.
Trump*, 453 F. Supp. 3d 11, 26-27 (D.D.C. 2020) (noting that in
ruling on a motion to dismiss, "a court must assume the truth of
all material factual allegations" and "grant[] plaintiff the
benefit of all inferences") (citations omitted). To the extent
that the RNC contests these allegations, it is premature for the
Court to consider the RNC's arguments now, given that the
Plaintiffs' plead that the conduct at issue was conducted by RNC
officials.

     As to a "substantial risk" of future harm, Plaintiffs'
allegations more than suffice. First, quite apart from the RNC's
cherrypicked allegations, Plaintiffs make several allegations as
to ongoing conduct that poses an imminent threat. *See* SAC, ECF
No. 55-2 ¶¶ 116-119. If these allegations were, as the RNC
attempts to portray them, simply that the RNC was recruiting
poll watchers, *see* RNC's Opp'n, ECF No. 56 at 4; they would be
insufficient. However, Plaintiffs allege something else
entirely: they allege, among other things, that the RNC's
recruitment is "spearheaded by individuals who publicly
encouraged interference and intimidation of officials involved
with the certification," SAC, ECF No. 55-2 ¶ 117; that these
"trainings continue the militaristic and adversarial character
of the 2020 efforts and frequently refer to the need to create

21

an 'army of volunteers,' resembling the rhetoric of the 2020
intimidation efforts," *id.* ¶ 118; and that state Republican
officials "have administered virtual trainings likely to
encourage poll watchers to assume that votes cast by voters of
color are presumptively illegitimate by instructing those poll
watchers that 'fraud is occurring' in 'densely populated,'
largely Black, Latino, and Asian neighborhoods," *id.* ¶ 119.
Second, the Court is cognizant that for something to count as a
valid allegation or piece of evidence, it *must already have
happened.* That does alone not make it a past wrong with no
bearing on the future. The question for the Court is whether
there is further *imminent* harm posed by the past conduct. The
Court's concern for imminence is not whether a future harm *will*
happen. The relevant inquiry is whether there is a "substantial
risk" of future harm. *Attias*, 865 F.3d at 627. Past conduct can
indeed weigh in on the substantial risk of future harm. *See,
e.g.*, *Jibril v. Mayorkas*, 20 F.4th 804, 814 (D.C. Cir. 2021)
(explaining that "[p]ast wrongs may serve as evidence bearing
on" standing to enjoin prospective harm) (quotation marks and
citation omitted) (alteration in original). This is particularly
critical here, given Plaintiffs' allegations, treated as true at
this stage, that Defendants' past conduct "seeks to provide a
veneer of legitimacy for future election intimidation efforts—
which only enhances the substantial risk of recurrence." Pls.'

22

Reply, ECF No. 58 at 4. The Court concludes that Plaintiffs' SAC

sufficiently alleges a claim for equitable relief against the

RNC under the VRA for the purpose of addressing the Motion to

Dismiss.

## V.    Conclusion and Order

For the foregoing reasons, the Court hereby

**GRANTS** Plaintiff's Motion to File Second Amended Complaint,

ECF No. 55; and

**FINDS AS MOOT** the claim held in abeyance in RNC's Motion to

Dismiss, ECF No. 24; and the Trump Defendants' Motion to

Dismiss, ECF No. 25-1.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**November 28, 2022**